## (March 18, 1957)

■ THOMAS J. AGELL, Appellant, v. WATERMAN STEAMSHIP COMPANY, Respondent.— In an action under the Jones Act (U. S. Code, tit. 46, § 688), the appeal is from an order granting a motion to dismiss the complaint and directing the entry of judgment dismissing the action and complaint, and from the judgment entered thereon. Order and judgment reversed, with $10 costs and disbursements, and motion denied, without costs, and without prejudice to renewal of the motion upon proper papers. The order of the Special Term appears to have been based on a finding that, pursuant to an agreement between respondent and the United States, respondent was the general agent of the United States and could not be held liable under the Jones Act. (See *Cosmopolitan Co.* v. *McAllister*, 337 U. S. 783.) There was no basis for this finding. The court below had before it only the pleadings and affidavits which present factual issues. The answer and the affidavit in support of the motion fail to plead the text or substance of the agency agreement, and no copy of said agreement is attached to either the answer or the affidavit. Respondent's assertion on appeal, that the agreement is a matter of public record which should be judicially noticed, is not supported by any reference to the time and place of public recording. A reference to the public record of the general form of the agreement is not sufficient. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ ALBERT D. COLE, JR., Appellant, v. ALDEN REYNOLDS, Respondent.— In an action to recover damages for personal injuries, the appeal is from a judgment entered upon a jury verdict in favor of respondent, and from an order denying appellant's motion to set aside the verdict and for a new trial. Judgment and order unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ GORDON C. FRENCH, Respondent, v. JOSEPH T. MONTALTO, Appellant.— In an action for a declaratory judgment and for an injunction, the appeal is from a judgment entered after trial before an Official Referee declaring respondent to be the owner of certain land and enjoining appellant from interfering with respondent's use of said land. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ GOOD-WINE REALTY CORP., Appellant, v. MELITTA SPERLING et al., Respondents.— In a summary proceeding to recover, for nonpayment of rent, possession of real property alleged to have been hired for business purposes, the landlord, pursuant to leave granted by this court, appeals from an order of the Appellate Term affirming a final order of the Municipal Court of the City of New York, Borough of Brooklyn, adjudging that the apartment was used for residential and not business purposes and that the landlord was entitled to the maximum residential rent therefor. Order affirmed, without costs. Beldock, Murphy, Ughetta and Hallinan, JJ., concur; Wenzel, Acting P. J., dissents and votes to reverse the order of the Appellate Term and the order of the Municipal Court and to dismiss the proceeding, with the following memorandum: The landlord and the tenants have been litigating over this tenancy for years. In 1951, in a proceeding in the Supreme Court, the attorneys for both sides entered into a stipulation which should have resolved their differences. It should not have been ignored or in effect vacated in the Municipal Court.